IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

FILED
at 9 O'clock & 29 min A M
Date 9-21-07
CK
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 case |
| | ) | number 06-50998 |
| RONALD H. MCCARTY, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SOUTHEASTERN BANK, | ) | |
| | ) | |
| Movant, | ) | |
| v. | ) | |
| | ) | |
| RONALD H. MCCARTY, | ) | |
| | ) | |
| Debtor, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER ON
## SOUTHEASTERN BANK'S APPLICATION FOR ATTORNEY'S FEES

Ronald H. McCarty ("Debtor") filed for protection under chapter 13 of the Bankruptcy Code on December 11, 2006. Southeastern Bank ("Creditor") was listed on Debtor's chapter 13 petition as a creditor whose interest was fully secured by a 1999 Jeep ("Jeep"), with an estimated value of $4,500. Creditor filed a Proof of Claim ("Claim") on January 17, 2007, in the amount of $5,739.15.[1]

---

[1] The documents attached to Creditor's Claim indicate that the one proof of claim was filed for two debts owed by Debtor to Creditor, one debt with a payoff amount of $4,253.27 for the purchase of the Jeep, and a second debt in the amount of $1,485.88 for a credit card. Creditor asserted that, due to a dragnet clause in the credit card contract, both of these debts were fully secured by the Jeep. Creditor amended its Claim on May 11, 2007,

AO 72A
(Rev. 8/82)

Creditor requests, pursuant to 11 U.S.C. § 506(b), that Debtor pay attorney's fees, as provided in both contracts to incur debt, that resulted from Creditor protecting its interests in connection with Debtor's bankruptcy proceedings. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Because Creditor did not satisfy the requirements of O.C.G.A. § 13-1-11, Creditor's claim for attorney's fees is not an allowable claim under 11 U.S.C. § 502(b)(1), and Creditor's request is **DENIED**.

## Background

Many issues have been hotly contested in this case. As a result, four plans have been proposed;[2] three objections to confirmation were filed by Creditor;[3] Debtor filed one objection to Creditor's Claim;[4] Creditor filed three documents on the issue of attorney's fees,[5] and three hearings have been held.[6]

At hearing, on May 22, 2007, I determined that Creditor was entitled to two claims in the amounts of $4253.27 and $1,485.88; both claims were secured by the Jeep due to the

---

asserting that the Jeep was worth $10,200 and claiming unspecified attorney fees.

[2] See Docket entries #3, #20, #32, and #43.

[3] See Docket entries #28, #39, and #46.

[4] See Docket entry #41.

[5] See Docket entries #58, #60, and 67.

[6] On February 20, 2007; March 28, 2007; and May 22, 2007.

AO 72A
(Rev. 8/82)

2

dragnet clause in the credit card contract; the Jeep was valued at $8,500; and Creditor was to be paid on both claims at a 9% interest rate. A fifth amended plan was confirmed that provided Debtor would make plan payments of $355 a month, the unsecured creditors would receive less than 10% dividend, and both of Creditor's claims would be secured.

It is undisputed that as a part of both the loan agreements, Debtor contractually agreed to pay all expenses, including attorney's fees and court costs, in connection with any bankruptcy proceedings. It is also undisputed that Creditor did not fulfill its statutorily-required duty under O.C.G.A. § 13-1-11.[7]

---

[7] O.C.G.A. § 13-1-11 provides in part:

> (a)[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectible as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to the following provisions:
> 
> . . .
> 
> (3) *The holder of the note or other evidence of indebtedness or his attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to pay the principal and interest without the attorney's fees.* If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

Creditor's Amended Application for Approval of Attorney Fees Under Section 506(b) of the Bankruptcy Code ("Creditor's Request") filed May 15, 2007, asserts that its claim is over-secured and consequently that Creditor is entitled to recover attorney's fees and costs provided in the loan contract as authorized under 11 U.S.C. § 506(b). Creditor attached a billing schedule that indicates Creditor's counsel spent 20.2 hours attending confirmation hearings, and drafting objections and responses in connection with this case. Creditor requests attorney's fees in the amount the Court determines is reasonable and proper according to 11 U.S.C. § 330.

Debtor filed a Response to Application for Attorney Fees Filed by Creditor ("Debtor's Response") objecting to Creditor's Request. Debtor's Response alleges that Creditor filed multiple motions in this case in order to "increase his billable hours." (Debtor's Response #6). Debtor's Response asserts that Creditor has caused unnecessary delay and expense by filing numerous objections over moot issues, raising unreasonable arguments, and filing an incorrect proof of claim. Additionally, Debtor argues that Creditor's Application should be denied because Creditor has submitted inflated legal hours

---

(b) Obligations to pay attorney's fees contained in security deeds and bills of sale to secure debt shall be subject to this Code section where applicable.

(emphasis added).

4

and seeks unspecified attorney's fees which are not reasonable under 11 U.S.C. § 502(b). Further, Debtor argues that Creditor is not entitled to § 506(b) attorney's fees because, pursuant to the hanging paragraph of 11 U.S.C. § 1325, Section 506 does not apply to Creditor's 910 car claim.[8]

Creditor's Response in Support of Application for Attorney Fees ("Creditor's Response") argues that Creditor's motions and objections were valid because many of Creditor's objections were sustained by the Court. Further, Creditor defends the filing of multiple objections over the same provisions based on the express language of 11 U.S.C. § 1327(a) that a secured creditor is bound by the provisions of a confirmed plan. Creditor also argues that the multiple objections were necessary because Debtor's counsel would not withdraw the asserted moot and objectionable provisions. Creditor asserts that the Court did not consider these provisions of the plans moot and points to the Court's direction to purge these provisions from the confirmed plan.

Creditor's Response concedes that

---

[8] The hanging paragraph of 11 U.S.C. § 1325(a) provides:

> [f]or purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor . . .

5

> Creditor would not be allowed attorney fees under Georgia Law as O.C.G.A. Section 13-1-11 requires a creditor to notify the borrower of the obligation to pay attorney fees and provides ten (10) days to pay the indebtedness without such fees. *No such notice was made in this case.*

(Dkt. # 67, at 7.)(emphasis added). Therefore, Creditor asks this court to use its equitable powers to "shift the circumstances surrounding any claim to see that unjustness or unfairness is not done." (Dkt. # 67, at 12.)

Creditor further argues that the hanging paragraph of § 1325 is a creditor-friendly provision that was intended to afford additional protection to specific purchase money claims; and asserts that nothing in § 1325(a)(5) alters an over-secured creditor's status or right to recover attorney's fees.

## Discussion

Pursuant to 11 U.S.C. § 506(b), an over-secured creditor is allowed to include "attorney's fees, interests and costs as provided for in the loan agreement" as part of its secured claim.[9] <u>Clark v. Washington Mut. Home Loans</u> (In re Clark), 299 B.R. 694, 698 (Bankr. S.D. Ga. 2003)(citing 11 U.S.C. § 506(b)

---

[9] 11 U.S.C. § 506(b) provides:

> [t]o the extent that an allowed secured claim is secured by property the value of which after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

and Telfair v. First Union Mortgage Corp., 216 F.3d 133 (11th Cir. 2000)). To determine whether a "claim for attorney's fees is allowable, 11 U.S.C. § 506(b) must be read in conjunction with 11 U.S.C. § 502(b)(1)." Dent v. Assocs. Fin. Serv. Of Am., Inc. (In re Dent), 137 B.R. 78, 81 (Bankr. S.D. Ga. 1992).

> Sections 502 and 506 should be read in tandem with one another, for they address complementary but different questions. Section 502 deals with the threshold question of whether a claim should be allowed or disallowed. Once the bankruptcy court determines that a claim is allowable, § 506 deals with the entirely different, more narrow question of whether certain types of claims should be considered secured or unsecured.

Advocate Realty Inv., LLC v. Welzel (In re Welzel), 275 F.2d 1308, 1317-18 (11th Cir. 2001).

11 U.S.C. § 502(b)(1) "disallows claims to the extent that such claim is unenforceable against the debtor and property of the debtor under applicable nonbankruptcy law."[10] Clark v. Washington Mut. Home Loans (In re Clark), 299 B.R. 694, 700 (Bankr. S.D. Ga. 2003).

---

[10] 11 U.S.C. § 502(b)(1) provides in part:

> [e]xcept as provided by sections [inapplicable to the matters now under consideration], if such objection to claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

7

AO 72A
(Rev. 8/82)

> If a claim for attorney fees would be unenforceable against the debtor under any agreement or applicable law outside of bankruptcy, then the addition of attorney fees to the creditor's claim is not allowable in a Chapter 13 case.

Dent v. Assocs. Fin. Serv. Of Am., Inc. (In re Dent), 137 B.R. 78, 81 (Bankr. S.D. Ga. 1992)(internal citations and punctuation omitted).

Whether the provisions of a contract providing for attorney's fees is enforceable is a matter of state law. See Am. Express Travel Related Serv., Inc. v. Jawish (In re Jawish), 260 B.R. 564, 569 (Bankr. M.D. Ga. 2000)(quoting TranSouth Fin. Corp. of Fla. v. Johnson, 931 F.2d 1505, 1507 (11th Cir. 1991)). The requirements of O.C.G.A. § 13-1-11 must be satisfied for a creditor to be entitled to collect attorney's fees provided for in a contract to secure debt.

> A contractual provision for attorney fees is valid, enforceable, and collectible under Georgia law, [] only after the debtor fails to pay the principal and interest within ten days of receiving written notice from the creditor of its intent to enforce such provision.

In re Jawish, 260 B.R. at 569.

In the present case, Creditor admits that the requirements of O.C.G.A. § 13-1-11 were not satisfied, as to either the 910 car claim or the credit card debt. Therefore, because the claim for attorney's fees would be unenforceable against Debtor under any agreement or applicable law, pursuant to § 502(b)(1),

8

AO 72A
(Rev. 8/82)

Creditor's claim for attorney's fees is not allowed and cannot be part of Creditor's secured claim under § 506(b).

> Section 506(b) does not provide authority for a creditor to impose an obligation on a debtor to pay, i.e. the creation of debt. It merely provides the basis for determining that a nonbankruptcy law created obligation, in this instance the obligation to pay attorney's fees, is allowable as part of a secured or unsecured claim.

In re Clark, 299 B.R. at 700.

Creditor asserts that this case is ripe for the Court to exercise its "equitable jurisdiction" and put the responsibility and costs on Debtor to prevent unjustness or unfairness. (Dkt. # 67, at 12.) I do not agree. It would not be a proper use of the bankruptcy court's equitable power to shift the burden of satisfying the statutory requirements O.C.G.A. § 13-1-11 onto the debtor. The Georgia statute specifically puts the burden on the creditor.

In light of Creditor's attorney's fees being disallowed under § 502(b)(1), it is unnecessary for me to determine whether the fees claimed are reasonable. See In re Welzel, 275 F.2d at 1318. For the same reason, it is not necessary for me to decide the issue of whether the "hanging paragraph" precludes an over-secured creditor from recovering attorney's fees under § 506(b).

**ORDER**

It is therefore **ORDERED** that Creditor's Application for attorney's fees pursuant to 11 U.S.C. § 506(b) is **DENIED**.

_____
JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Dated at Brunswick, Georgia

this 20th day of September, 2007.